# UNITED STATES DISTRICT COURT

### for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| 5809 136th Street E, Puyallup, WA 98373 et al. | ) |
| | ) |
| | ) |

FILED ___ LODGED
___ RECEIVED
NOV 23 2015
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                              DEPUTY

Case No.   MJ15 - 5212

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachments A-1, A-2, and A-3, which are incorporated herein by reference

located in the _____ Western _____ District of _____ Washington _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 875(c) and 1958(a). | Interstate threats and murder for hire |

The application is based on these facts:

See Affidavit of Special Agent David J. Rubel, which is incorporated herein by reference

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent David J. Rubel
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Nov. 23, 2015

_____
*Judge's signature*

City and state:   Tacoma, WA

Magistrate Judge Karen L. Strombom
*Printed name and title*

1

**AFFIDAVIT**

2

STATE OF WASHINGTON          )

3                                                  )          ss

COUNTY OF PIERCE             )

4

5        I, David J. Rubel, having been duly sworn, state as follows:

6        **INTRODUCTION AND AGENT BACKGROUND**

7        1.       I am a Special Agent with the Federal Bureau of Investigation (FBI) and

8    have been so employed since 2012.  I am currently assigned to the Sacramento Division

9    of the FBI, where I investigate domestic terrorism matters, and criminal violations

10   relating to cybercrimes, including those arising from the interstate transmission of threats

11   via the Internet.  I am a graduate of the University of Maryland, having earned a Bachelor

12   of Science degree in Computer Science.  I am also a graduate of the FBI Academy in

13   Quantico, Virginia.  I am authorized to investigate crimes involving threats of violence,

14   including threats conveyed via the Internet, and the interstate solicitation of murder-for-

15   hire.

16       2.       I make this affidavit in support of an application under Rule 41 of the

17   Federal Rules of Criminal Procedure for a warrant to search the premises located at 5809

18   136th Street E, Puyallup, WA 98373 (hereinafter, the "SUBJECT PREMISES") as more

19   fully described in Attachment A-1 to this Affidavit, a 2013 Dodge Ram truck with

20   Washington license plate number B09802X (VIN Number 3C6JR6AG8DG515152)

21   (hereinafter, the "SUBJECT VEHICLE") as more fully described in Attachment A-2 to

22   this Affidavit, and SCOTT ANTHONY ORTON, as more fully described in Attachment

23   A-3 to this Affidavit, for the property and items described in Attachment B to this

24   Affidavit, as well as any digital devices or other electronic storage media located therein.

25       3.       The facts set forth in this Affidavit are based on my own personal

26   knowledge; knowledge obtained from other individuals during my participation in this

27   investigation, including other law enforcement officers; review of documents and records

28   related to this investigation; communications with others who have personal knowledge

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 1

1  of the events and circumstances described herein; and information gained through my

2  training and experience.

3        4.      Because this Affidavit is submitted for the limited purpose of establishing

4  probable cause in support of the application for a search warrant, it does not set forth

5  each and every fact that I or others have learned during the course of this investigation. I

6  have set forth only the facts that I believe are necessary to establish probable cause to

7  believe that evidence, fruits and instrumentalities of violations of 18 U.S.C. § 875(c),

8  which makes it a crime to transmit in interstate or foreign commerce any communication

9  containing any threat to kidnap any person or any threat to injure the person of another;

10  and 18 U.S.C. § 1958(a), which makes it a crime to travel or cause another to travel in

11  interstate or foreign commerce, or use or cause another to use the mail or any facility of

12  interstate or foreign commerce, with intent that a murder be committed in violation of the

13  laws of any State or the United States as consideration for the receipt of, or as

14  consideration for a promise or agreement to pay, anything of pecuniary value, or conspire

15  to do so, will be found at the SUBJECT PREMISES, in the SUBJECT VEHICLE, and on

16  SCOTT ANTHONY ORTON.

17                           **THE INVESTIGATION**

18        5.     This is an investigation regarding threats and statements soliciting a

19  murder, which were posted on a website by SCOTT ANTHONY ORTON using the

20  online moniker "Joseywhales." The threats and solicitations, which are set forth below,

21  were directed at an officer of StemExpress, LLC, hereinafter "Victim 1." StemExpress,

22  LLC is a company that supplies human tissue for biomedical research. The company's

23  headquarters is located in Placerville, California. When the threats against, and

24  solicitation to murder, Victim 1 were conveyed, Victim 1 resided in the Eastern District

25  of California.

26        6.     The statements at issue were posted on the website nation.foxnews.com

27  (hereinafter "Fox Nation"), which is a website that is administered by Fox News

28  Network, LLC (hereinafter "Fox News"). The Fox Nation website features news

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   articles, video clips, and links to editorial blogs.  Visitors to the Fox Nation website can
2   post comments on the website's comments page.  Based on evidence gathered during
3   this investigation, there is probable cause to believe that SCOTT ANTHONY ORTON
4   posted the statements set forth below on the Fox Nation website, in violation of 18
5   U.S.C. §§ 875(c) and 1958(a).

## TECHNICAL TERMS

7       7.      Based on my training and experience, I use the following technical terms to
8   convey the following meanings:

9       a.      IP Address: The Internet Protocol address (or simply "IP address") is
10              a unique numeric address used by computers on the Internet.  An IP
                address looks like a series of four numbers, each in the range 0-255,
11              separated by periods (e.g., 121.56.97.178).  Every digital device
                attached to the Internet must be assigned an IP address so that
12              Internet traffic sent from and directed to that digital device may be
13              directed properly from its source to its destination.  Most Internet
                service providers control a range of IP addresses.  Some computers
14              have static—that is, long-term-IP addresses, while other computers
15              have dynamic—that is, frequently changed-IP addresses.

16      b.      Internet: The Internet is a global network of computers and other
17              electronic devices that communicate with each other.  Due to the
                structure of the Internet, connections between devices on the Internet
18              often cross state and international borders, even when the devices
19              communicating with each other are in the same state.

20      c.      Domain Name: Domain names are common, easy to remember
21              names associated with an Internet Protocol address (defined above).
                For example, a domain name of "www.usdoj.gov" refers to the
22              Internet Protocol address of 149.101.1.32.  Domain names are
23              typically strings of alphanumeric characters, with each level
                delimited by a period.  Each level, read backwards – from right to
24              left – further identifies parts of an organization.  Examples of first
25              level or top-level domains are typically .com for commercial
                organizations, .gov for the United States government, .org for
26              organizations, and .edu for educational organizations.  Second level
27              names will further identify the organization; for example usdoj.gov
                further identifies the United States governmental agency to be the
28              Department of Justice.  Additional levels may exist as needed until

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

each machine is uniquely identifiable.  For example, www.usdoj.gov identifies the World Wide Web server located at the United States Department of Justice, which is part of the United States government.

d.    Electronic Storage media: Electronic Storage media is any physical object upon which data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

8.    As described above and in Attachment B, this application seeks permission to search for evidence, fruits and/or instrumentalities that might be found at the SUBJECT PREMISES, in the SUBJECT VEHICLE, and on SCOTT ANTHONY ORTON in whatever form they are found.  One form in which the evidence, fruits, and/or instrumentalities might be found is data stored on digital devices[1] such as computer hard drives or other electronic storage media.  Thus, the warrant applied for would authorize the seizure of digital devices or other electronic storage media or, potentially, the copying of electronically stored information from digital devices or other electronic storage media, all under Rule 41(e)(2)(B).

9.    ***Probable cause.***  Based upon my review of the evidence gathered in this investigation, my review of data and records, information received from other agents, and my training and experience, I submit that if a digital device or other electronic storage media is found at the SUBJECT PREMISES, in the SUBJECT VEHICLE, or on SCOTT ANTHONY ORTON, there is probable cause to believe that evidence, fruits, and/or

---

[1] "Digital device" includes any device capable of processing and/or storing data in electronic form, including, but not limited to: central processing units, laptop, desktop, notebook or tablet computers, computer servers, peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media, related communications devices such as modems, routers and switches, and electronic/digital security devices, wireless communication devices such as mobile or cellular telephones and telephone paging devices, personal data assistants ("PDAs"), iPods/iPads, Blackberries, digital cameras, digital gaming devices, global positioning satellite devices (GPS), or portable media players.

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   instrumentalities of the crimes of 18 U.S.C. §§ 875(c) and 1958(a) will be stored on

2   those digital devices or other electronic storage media.  I believe digital devices or other

3   electronic storage media are being used to transmit threats of violence and solicit murder-

4   for-hire.

5        10.    On July 19, 2015, agents received tips via the FBI Public Access Line that

6   threats were made against Victim 1.  In response to the tips, I reviewed the Fox Nation

7   website and identified threatening statements directed at Victim 1.  The statements were

8   posted by the Fox Nation user "Joseywhales."

9        11.    During my review of the Fox Nation website, I learned that in order to post

10  a statement in the website's comment section, one must first create a Fox Nation

11  account.  In order to create an account, the putative user must provide a name, physical

12  address, and email address.

13       **Fox Nation Users Joseywhales and Joseywhales**

14       12.    On August 26, 2015, Fox News provided information associated with the

15  Fox Nation accounts for users Joseywhales and Joseywhales.  In addition to the user-

16  provided identifying information described above—i.e., the user's name, physical

17  address, and email address— Fox News provided the IP address assigned to the

18  electronic device that was used to create the accounts.  Specifically, Fox News provided

19  the following information:

20            **Account display Name:**  "Joseywhales"

21            **User ID:**  2e5c7334-d0f8-42de-bf6a-16d50dd7cbcc

22            **Subscriber name provided by user:**  Scott Orton

23            **Address provided by user:**  Washington, United States, 93737

24            **E-mail address provided by user:**  none

25            **Dates of service:**  September 18, 2012 – September 18, 2012

26            **IP address(es):**  none

27

28

**Account display Name:** "Joseywhales"

**User ID:** 6154e4b6-0c59-4beb-b4f9-0d16b789b7d6

**Subscriber name provided by user:** Bart Simpson

**Address provided by user:** WA, APO/FPO/DPO

**E-mail address provided by user:** scottorton@me.com

**Dates of service:** September 26, 2012 – present

**IP address(es):** 24.19.67.214; 73.181.138.175

## Threats and Solicitation of Murder-For-Hire

13.    On September 25, 2015, I obtained from Fox News a list of statements posted on the Fox Nation website by Fox Nation user Joseywhales. Along with the list of statements, Fox News provided the dates on which the statements were posted to the Fox Nation website, as well as the IP address assigned to the digital device used to post the statements. Below are Joseywhales's statements (and related information) concerning Victim 1:

| Comment ID | Comment Created Date (GMT) | IP Address | Comment[1] |
|---|---|---|---|
| 347326166 | July 16, 2015; 16:21 | 73.181.138.175 | The management of StemExpress should be taken by force and killed in the streets today. |
| 347326390 | July 16, 2015; 16:21 | 73.181.138.175 | Kill StemExpress employees. I'll pay you for it. |
| 347326654 | July 16, 2015; 16:22 | 73.181.138.175 | Stop the death of innocents. Kill the killers. |
| 347327170 | July 16, 2015; 16:22 | 73.181.138.175 | StemExpress your lives don't matter nearly as much as your deaths do. |
| 347327398 | July 16, 2015; 16:23 | 73.181.138.175 | Innocent lives matter. StemExpress employees' lives don't. |

[1] The victim's name and position at StemExpress have been replaced with the terms "Victim 1" and "officer" to protect the identity of the victim.

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 6

| | | | |
|---|---|---|---|
| 347348862 | July 16, 2015; 16:58 | 73.181.138.175 | The [officer] of StemExpress is a death-profiteer. The [officer] of StemExpress should be hung by the neck using piano wire and propped up on the lawn in front of the building with a note attached... |
| 347349991 | July 16, 2015; 17:00 | 73.181.138.175 | [Victim 1 officer] StemExpress Inc. lives in Placerville CA. I'm going there. |
| 347350267 | July 16, 2015; 17:01 | 73.181.138.175 | I'll pay ten grand to whomever beats me to [Victim 1]... |
| 347350691 | July 16, 2015; 17:01 | 73.181.138.175 | [Victim 1 officer] StemExpress Inc. must die to save the innocents. |
| 347350952 | July 16, 2015; 17:02 | 73.181.138.175 | [Victim 1] your life isn't worth squat. |
| 347352243 | July 16, 2015; 17:04 | 73.181.138.175 | [Victim 1's] life is in more danger than Trumps. I'm here. El Chapo is in Mexico. |
| 347352770 | July 16, 2015; 17:05 | 73.181.138.175 | [Victim 1] must die. End of story. If we as humanity accept her actions we're to be judged in the harshest manner possible. |
| 347355967 | July 16, 2015; 17:11 | 73.181.138.175 | I'll take care of [Victim 1] myself. |
| 347356248 | July 16, 2015; 17:11 | 73.181.138.175 | I'm going to Placerville this weekend. |
| 347359093 | July 16, 2015; 17:16 | 73.181.138.175 | [Victim 1] will have to face the souls of the babies she's bought and sold when she arrives on the other side. I'm sending her there early. |
| 347360148 | July 16, 2015; 17:18 | 73.181.138.175 | StemExpress employees you're on notice. You need to pay for what you've done. |
| 347360416 | July 16, 2015; 17:18 | 73.181.138.175 | Everyone at StemExpress should be executed on live TV. |
| 347460949 | July 16, 2015; 20:08 | 73.181.138.175 | Someone needs to double tap the [officer] of StemExpress. She lives in Placerville CA. |
| 347467546 | July 16, 2015; 20:20 | 73.181.138.175 | I think I'll take a little trip to Placerville this weekend. I hear there's some good hunting down Placerville way... |
| 347794919 | July 17, 2015; 14:05 | 73.181.138.175 | [Victim 1 officer] of StemExpress should be executed by hanging. |

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SCOTT ANTHONY ORTON'S Email Address Is Linked
## to the Joseywhales Account

14.    The email address listed on the account profile for Joseywhales—the user who posted the statements listed above—is scottorton@me.com.  Apple Inc. hosts the email accounts for the me.com domain.  On September 25, 2015, Apple Inc. provided subscriber records for the email account scottorton@me.com.  Apple Inc. records identified the subscriber as:

**Scott Orton**

**5809 136th St. E.**

**Puyallup, Washington**

**Day telephone number:** ███████████

## The Threats Were Sent From SCOTT ANTHONY ORTON'S IP ADDRESS

15.    In September 2015, I performed a WHOIS lookup query on a publicly available database that stores the registered users and assignees of Internet resources—such as an IP address block—to identify the Internet service provider administering the IP address 73.181.138.175 in July of 2015.  From my search, I determined that Comcast Corporation administered that IP address.

16.    On October 20, 2015, I obtained Comcast records identifying the subscriber for the account assigned to IP address 73.181.138.175 on July 16, 2015, at 17:01 (GMT).  Fox Nation user Joseywhales posted the statement "I'll pay ten grand to whomever beats me to [Victim 1]..." from IP address 73.181.138.175 on July 16, 2015, at 17:01 (GMT).  Comcast records indicate that the foregoing IP address was assigned to SCOTT ANTHONY ORTON.  Comcast provided the following additional information:

**Subscriber Name:** Scott Orton

**Service Address:** 5809 136th Street E, Puyallup, WA 98373-5117

**Telephone Number:** 253-537-5157

**Type of Service:** High Speed Internet Service

**Account Number:** 8498350172966724

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Start of Service:** Unknown

**Account Status:** Active

**IP Assignment:** Dynamically Assigned

**E-mail User IDs:** Scott6724

## Additional Information Linking Orton to the SUBJECT PREMISES

17.    On October 21, 2015, I obtained Washington State Department of Licensing records regarding SCOTT ANTHONY ORTON. The Department of Licensing driver's license records indicate that SCOTT ANTHONY ORTON resides at 5809 136th Street E, Puyallup, WA 98373. According to public records searches, SCOTT ANTHONY ORTON is the only known person living at the SUBJECT PREMISES. Moreover, no other individuals were spotted at the SUBJECT PREMISES during recent surveillance.

## Information Linking Orton to the SUBJECT VEHICLE

18.    The Washington Department of Licensing records also indicate that at least one vehicle is registered to SCOTT ANTHONY ORTON: a 2013 Dodge Ram, license plate number: B09802X, VIN Number: 3C6JR6AG8DG515152 (i.e., the SUBJECT VEHICLE). On November 11, 2015, agents observed the SUBJECT VEHICLE parked in the open garage attached to the SUBJECT PREMISES. As a vehicle under SCOTT ANTHONY ORTON's control, the SUBJECT VEHICLE is a means by which SCOTT ANTHONY ORTON could travel to Placerville, California to carry out the acts described in the threats and solicitations set forth above. Accordingly, there is probable cause to believe that the SUBJECT VEHICLE contains evidence, fruits and/or instrumentalities of the crimes of 18 U.S.C. §§ 875(c) and 1958(a).

19.    There is, therefore, probable cause to believe that evidence, fruits and/or instrumentalities of the crimes of 18 U.S.C. §§ 875(c) and 1958(a) exists and will be found on digital devices or other electronic storage media at the SUBJECT PREMISES,

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in the SUBJECT VEHICLE, and on SCOTT ANTHONY ORTON for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be preserved (and consequently also then recovered) for months or even years after they have been downloaded onto a storage medium, deleted, or accessed or viewed via the Internet. Electronic files downloaded to a digital device or other electronic storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a digital device or other electronic storage media, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the digital device or other electronic storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation; file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

20.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how digital devices or other electronic storage media were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on any digital devices or other electronic storage

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 10

1 | media located at the SUBJECT PREMISES, in the SUBJECT VEHICLE, and on SCOTT
2 | ANTHONY ORTON because:

    a. Stored data can provide evidence of a file that was once on the digital device or other electronic storage media but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the digital device or other electronic storage media that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the history of connections to other computers, the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the digital device or other electronic storage media was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

    b. As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the computer was remotely accessed, thus inculpating or exculpating the computer owner and/or others with direct physical access to the computer. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

media access, use, and events relating to the crime under investigation.[2] Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c.  A person with appropriate familiarity with how a digital device or other electronic storage media works can, after examining this forensic evidence in its proper context, draw conclusions about how the digital device or other electronic storage media were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a digital device or other electronic storage media that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, digital evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

---

[2] For example, if the examination of a computer shows that: (a) at 11:00am, someone using the computer used an internet browser to log into a bank account in the name of John Doe; (b) at 11:02am the internet browser was used to download child pornography; and (c) at 11:05 am the internet browser was used to log into a social media account in the name of John Doe, an investigator may reasonably draw an inference that John Doe downloaded child pornography.

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 12

e. Further, in finding evidence of how a digital device or other electronic storage media was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

## DIGITAL DEVICES AS INSTRUMENTALITIES OF THE CRIMES

21.     As set forth in detail above, there is probable cause to believe that SCOTT ANTHONY ORTON transmitted the above-listed threats and solicitation for the murder of Victim 1, in violation of 18 U.S.C. §§ 875(c) and 1958(a).  The threats and solicitations were transmitted via the Internet.  Based on the facts set forth above, there is probable cause to believe that SCOTT ANTHONY ORTON used a digital device to connect to and transmit the messages via the Internet.  The digital device(s) used to transmit the messages are instrumentalities of 18 U.S.C. §§ 875(c) and 1958(a).

## PAST EFFORTS TO OBTAIN ELECTRONICALLY STORED INFORMATION

22.     Because of the type of the evidence sought and the nature of the investigation, agents have not made any effort to obtain the evidence based on the consent of SCOTT ANTHONY ORTON.  I believe, based upon the nature of the investigation and the information I have received, that if SCOTT ANTHONY ORTON becomes aware that agents intend to search the SUBJECT PREMISES, SUBJECT VEHICLE, and SCOTT ANTHONY ORTON in advance of the execution of a search warrant, he may attempt to destroy evidence, thereby obstructing the investigation.

## REQUEST FOR AUTHORITY TO CONDUCT OFF-SITE SEARCH
## OF TARGET COMPUTERS

23.     *Necessity of seizing or copying entire computers or storage media.*  In most cases, a thorough search of premises for information that might be stored on digital devices or other electronic storage media often requires the seizure of the physical items and later off-site review consistent with the warrant.  In lieu of removing all of these items from the premises, it is sometimes possible to make an image copy of the data on the digital devices or other electronic storage media, onsite.  Generally speaking, imaging

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

is the taking of a complete electronic picture of the device's data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the item, and to prevent the loss of the data either from accidental or intentional destruction. This is true because of the following:

   a. *The time required for an examination.* As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine the respective digital device and/or electronic storage media to obtain evidence. Computer hard drives, digital devices and electronic storage media can store a large volume of information. Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

   b. *Technical requirements.* Digital devices or other electronic storage media can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the premises. However, taking the items off-site and reviewing them in a controlled environment will allow examination with the proper tools and knowledge.

   c. *Variety of forms of electronic media.* Records sought under this warrant could be stored in a variety of electronic storage media formats and on a variety of digital devices that may require off-site reviewing with specialized forensic tools.

## SEARCH TECHNIQUES

24. Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, the warrant I am applying for will permit seizing, imaging, or otherwise copying digital devices or other electronic storage media that reasonably

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  appear capable of containing some or all of the data or items that fall within the scope of

2  Attachment B to this Affidavit, and will specifically authorize a later review of the media

3  or information consistent with the warrant.

4      25.    Precision Home Inspection (the "Company"), a sole proprietorship owned

5  by SCOTT ANTHONY ORTON, is a functioning company that conducts legitimate

6  business.  SCOTT ANTHONY ORTON operates the Company from the SUBJECT

7  PREMISES.  The seizure of the Company's computers may limit the Company's ability

8  to conduct its legitimate business.  As with any search warrant, I expect that this warrant

9  will be executed reasonably.  Reasonable execution will likely involve conducting an

10  investigation on the scene of what computers, or storage media, must be seized or copied,

11  and what computers or storage media need not be seized or copied.  Where appropriate,

12  officers will copy data, rather than physically seize computers, to reduce the extent of

13  disruption.  If employees of the Company so request, the agents will, to the extent

14  practicable, attempt to provide the employees with copies of data that may be necessary

15  or important to the continuing function of the Company's legitimate business.  If, after

16  inspecting the computers, it is determined that some or all of this equipment is no longer

17  necessary to retrieve and preserve the evidence, the government will return it.

18      26.    Consistent with the above, I hereby request the Court's permission to seize

19  and/or obtain a forensic image of digital devices or other electronic storage media that

20  reasonably appear capable of containing data or items that fall within the scope of

21  Attachment B to this Affidavit, and to conduct off-site searches of the digital devices or

22  other electronic storage media and/or forensic images, using the following procedures:

23  **A.**    **Processing the Search Sites and Securing the Data.**

24
25
26
27
28
      a.  Upon securing the physical search site, the search team will conduct an
      initial review of any digital devices or other electronic storage media located at
      the subject premises described in Attachment A that are capable of containing
      data or items that fall within the scope of Attachment B to this Affidavit, to
      determine if it is possible to secure the data contained on these devices onsite
      in a reasonable amount of time and without jeopardizing the ability to
      accurately preserve the data.

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.   In order to examine the electronically stored information ("ESI") in a forensically sound manner, law enforcement personnel with appropriate expertise will attempt to produce a complete forensic image, if possible and appropriate, of any digital device or other electronic storage media that is capable of containing data or items that fall within the scope of Attachment B to this Affidavit.[1]

c.   A forensic image may be created of either a physical drive or a logical drive.  A physical drive is the actual physical hard drive that may be found in a typical computer.  When law enforcement creates a forensic image of a physical drive, the image will contain every bit and byte on the physical drive.  A logical drive, also known as a partition, is a dedicated area on a physical drive that may have a drive letter assigned (for example the c: and d: drives on a computer that actually contains only one physical hard drive).  Therefore, creating an image of a logical drive does not include every bit and byte on the physical drive.  Law enforcement will only create an image of physical or logical drives physically present on or within the subject device.  Creating an image of the devices located at the search locations described in Attachment A will not result in access to any data physically located elsewhere.  However, digital devices or other electronic storage media at the search locations described in Attachment A that have previously connected to devices at other locations may contain data from those other locations.

d.   If based on their training and experience, and the resources available to them at the search site, the search team determines it is not practical to make an on-site image within a reasonable amount of time and without jeopardizing the ability to accurately preserve the data, then the digital devices or other electronic storage media will be seized and transported to an appropriate law enforcement laboratory to be forensically imaged and reviewed.

---

[1]  The purpose of using specially trained computer forensic examiners to conduct the imaging of digital devices or other electronic storage media is to ensure the integrity of the evidence and to follow proper, forensically sound, scientific procedures.  When the investigative agent is a trained computer forensic examiner, it is not always necessary to separate these duties.  Computer forensic examiners often work closely with investigative personnel to assist investigators in their search for digital evidence.  Computer forensic examiners are needed because they generally have technological expertise that investigative agents do not possess.  Computer forensic examiners, however, often lack the factual and investigative expertise that an investigative agent may possess on any given case.  Therefore, it is often important that computer forensic examiners and investigative personnel work closely together.

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 16

**B.     Searching the Forensic Images.**

a.  Searching the forensic images for the items described in Attachment B may require a range of data analysis techniques.  In some cases, it is possible for agents and analysts to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence.  In other cases, however, such techniques may not yield the evidence described in the warrant, and law enforcement may need to conduct more extensive searches to locate evidence that falls within the scope of the warrant.  The search techniques that will be used will be only those methodologies, techniques and protocols as may reasonably be expected to find, identify, segregate and/or duplicate the items authorized to be seized pursuant to Attachment B to this affidavit.  Those techniques, however, may necessarily expose many or all parts of a hard drive to human inspection in order to determine whether it contains evidence described by the warrant.

## REQUEST FOR SEALING

27.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application, affidavit and search warrant.  I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation and disclosure of the search warrant, this affidavit, and/or this application and the attachments thereto will jeopardize the progress of the investigation.  Disclosure of these materials would give the target of the investigation an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee from prosecution.

## CONCLUSION

28.     Based on the foregoing, I believe there is probable cause that evidence, fruits, and instrumentalities of the violations of 18 U.S.C. § 875(c), which makes it crime to transmit in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another; and 18 U.S.C. § 1958(a), which makes it a crime to travel or cause another to travel in interstate or foreign commerce, or use or cause another to use the mail or any facility of interstate or foreign

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  commerce, with intent that a murder be committed in violation of the laws of any State or
2  the United States as consideration for the receipt of, or as consideration for a promise or
3  agreement to pay, anything of pecuniary value, or conspire to do so are located at the
4  SUBJECT PREMISES, in the SUBJECT VEHICLE, and on SCOTT ANTHONY
5  ORTON as more fully described in Attachments A-1 through A-3 to this Affidavit, as
6  well as on and in any digital devices or other electronic storage media found at the
7  SUBJECT PREMISES, in the SUBJECT VEHICLE, and on SCOTT ANTHONY
8  ORTON.  I therefore request that the court issue a warrant authorizing a search of the
9  SUBJECT PREMISES, SUBJECT VEHICLE and SCOTT ANTHONY ORTON as well
10 as any digital devices and electronic storage media located therein, for the items more
11 fully described in Attachment B hereto, incorporated herein by reference, and the seizure
12 of any such items found therein.

David J. Rubel, Affiant
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN before me this 23d day of November, 2015.

HON. KAREN L. STROMBOM
United States Magistrate Judge

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 18

1

**ATTACHMENT A-1**

2      The property to be searched is located at 5809 136th Street E, Puyallup, WA

3  98373, and includes any digital device(s) or other electronic storage media found therein.

4  The property is further described as cream color one story house with yellow trim and an

5  attached garage.  The numbers 5809 are visible on the upper-right corner of the garage,

6  facing the street.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 19

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## ATTACHMENT A-2

2     **Vehicle to be searched:** 2013 Dodge Ram with Washington license plate number

3 B09802X, registered to SCOTT ANTHONY ORTON at 5809 136th Street E, Puyallup,

4 WA 98373, and includes any digital device(s) or other electronic storage media found

5 therein.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 20

## ATTACHMENT A-3

**Person to be searched:** SCOTT ANTHONY ORTON

SCOTT ANTHONY ORTON is a white male, approximately 6'0" with light brown hair and green eyes. His date of birth is ▬▬▬▬▬▬. His photograph appears below. The search of SCOTT ANTHONY ORTON shall include his person, clothing, and personal belongings, including backpacks, briefcases and bags, any digital device(s) and other electronic storage media found thereon/therein that are within his immediate vicinity and control at the location where the search warrant is executed within the Western District of Washington and that may contain the items called for by Attachment B to this warrant. It shall not include a body cavity or strip search.



AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 21

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

## I.      ITEMS TO BE SEIZED

The following records, documents, files, or materials, in whatever form, including handmade or mechanical form (such as printed, written, handwritten, or typed); photocopies or other photographic form; and electrical, electronic, and magnetic form (such as tapes, cassettes, hard disks, floppy disks, diskettes, compact discs, CD-ROMs, DVDs, optical discs, Zip cartridges, printer buffers, smart cards, or electronic notebooks, or any other electronic storage medium) that constitute evidence, instrumentalities, or fruits of violations of 18 U.S.C. §§ 875(c) and 1958(a):

1.      All records relating to violations of 18 U.S.C. §§ 875(c) and 1958(a) and involving SCOTT ANTHONY ORTON since September 18, 2012 including:

   a.      Any information recording SCOTT ANTHONY ORTON's schedule or travel itinerary from July 16, 2015, to the present;

   b.      Any weapons, including firearms;

   c.      Piano wire;

2.      Any weapons, including firearms;

3.      Piano wire;

4.      Digital devices[3] or other electronic storage media[4] and/or their components, which include:

   a.      Any digital device or other electronic storage media capable of being used to commit, further, or store evidence of the offenses listed above;

---

[3] "Digital device" includes any device capable of processing and/or storing data in electronic form, including, but not limited to: central processing units, laptop, desktop, notebook or tablet computers, computer servers, peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media, related communications devices such as modems, routers and switches, and electronic/digital security devices, wireless communication devices such as mobile or cellular telephones and telephone paging devices, personal data assistants ("PDAs"), iPods/iPads, Blackberries, digital cameras, digital gaming devices, global positioning satellite devices (GPS), or portable media players.
[4] Electronic Storage media is any physical object upon which electronically stored information can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 22

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. Any digital devices or other electronic storage media used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, cameras, printers, plotters, encryption devices, and optical scanners;

c. Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

d. Any documentation, operating logs and reference manuals regarding the operation of the digital device or other electronic storage media or software;

e. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched;

f. Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.

4. Any digital devices or other electronic storage media that were or may have been used as a means to commit the offenses described on the warrant, including to transmit in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another in violation of 18 U.S.C. § 875(c); to travel or cause another to travel in interstate or foreign commerce, or use or cause another to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or conspire to do so, in violation of 18 U.S.C. § 1958(a).

5. For any digital device or other electronic storage media upon which electronically stored information that is called for by this warrant may be contained, or that may contain things otherwise called for by this warrant:

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 23

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      a.      evidence relating to the Fox Nation user accounts of Joseywhales

2  and JoseywhaIes;

3      b.      evidence relating to ████████ (also known as ████████);[5]

4      c.      evidence relating to StemExpress, LLC;

5      d.      evidence relating to reservations or plans to travel between July 16,

6  2015 and present;

7      e.      evidence of any communication with others regarding StemExpress,

8  LLC, and/or ████████;

9      f.      evidence relating to the identity and location of the SCOTT

10  ANTHONY ORTON;

11      g.      evidence of who used, owned, or controlled the digital device or

12  other electronic storage media at the time the things described in this warrant were

13  created, edited, or deleted, such as logs, registry entries, configuration files, saved

   usernames and passwords, documents, browsing history, user profiles, email, email

14  contacts, "chat," instant messaging logs, photographs, and correspondence;

15      h.      evidence of software that would allow others to control the digital

16  device or other electronic storage media, such as viruses, Trojan horses, and other forms

   of malicious software, as well as evidence of the presence or absence of security software

17  designed to detect malicious software;

18      i.      evidence of the lack of such malicious software;

19

20      j.      evidence of the attachment to the digital device of other storage

   devices or similar containers for electronic evidence;

21

22      k.      evidence of counter-forensic programs (and associated data) that are

   designed to eliminate data from the digital device or other electronic storage media;

23

24      l.      evidence of the times the digital device or other electronic storage

   media was used;

25

26      m.      passwords, encryption keys, and other access devices that may be

   necessary to access the digital device or other electronic storage media;

27

28  _____

[5] Referred to in the accompanying affidavit as Victim 1.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

n.      documentation and manuals that may be necessary to access the digital device or other electronic storage media or to conduct a forensic examination of the digital device or other electronic storage media;

o.      contextual information necessary to understand the evidence described in this attachment.

6.      Records and things evidencing the use of Internet Protocol addresses 24.19.67.214 and 73.181.138.175 to communicate with nation.foxnews.com including:

a.      routers, modems, and network equipment used to connect computers to the Internet;

b.      records of Internet Protocol addresses used;

c.      records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

## II.      SEARCH PROTOCOL

In accordance with the information in the affidavit, law enforcement personnel will execute the search of digital devices seized pursuant to this Attachment B as follows:

a.      Upon securing the physical search site, the search team will conduct an initial review of any digital devices or other electronic storage media located at the subject premises described in Attachment A that are capable of containing data or items that fall within the scope of this Attachment B, to determine if it is possible to secure the data contained on these devices onsite in a reasonable amount of time and without jeopardizing the ability to accurately preserve the data.

b.      In order to examine the electronically stored information in a forensically sound manner, law enforcement personnel with appropriate expertise will attempt to produce a complete forensic image, if possible and appropriate, of any digital device or other electronic storage media that is capable of containing data or items that fall within the scope this of Attachment.

c.      A forensic image may be created of either a physical drive or a logical drive. A physical drive is the actual physical hard drive that may be found in a typical computer. When law enforcement creates a forensic image of a physical drive, the image will contain every bit and byte on the physical drive. A logical drive, also known as a partition, is a dedicated area on a physical drive that may have a drive letter assigned (for example the c: and d: drives on a computer that actually contains only one

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

physical hard drive).  Therefore, creating an image of a logical drive does not include every bit and byte on the physical drive.  Law enforcement will only create an image of physical or logical drives physically present on or within the subject device.  Creating an image of the devices located at the search locations described in Attachment A will not result in access to any data physically located elsewhere.  However, digital devices or other electronic storage media at the search locations described in Attachment A that have previously connected to devices at other locations may contain data from those other locations.

d.     If based on their training and experience, and the resources available to them at the search site, the search team determines it is not practical to make an on-site image within a reasonable amount of time and without jeopardizing the ability to accurately preserve the data, then the digital devices or other electronic storage media will be seized and transported to an appropriate law enforcement laboratory to be forensically imaged and reviewed.

e.     Searching the forensic images for the items described in this Attachment B may require a range of data analysis techniques.  The search techniques that will be used will be only those methodologies, techniques and protocols as may reasonably be expected to find, identify, segregate and/or duplicate the items authorized to be seized pursuant to Attachment B to this affidavit.

f.     If, after conducting its examination, law enforcement personnel determine that any digital device is an instrumentality of the criminal offenses referenced above, the government may retain that device during the pendency of the case as necessary to, among other things, preserve the instrumentality evidence for trial, ensure the chain of custody, and litigate the issue of forfeiture.  If law enforcement personnel determine that a device was not an instrumentality of the criminal offenses referenced above, it shall be returned to the person/entity from whom it was seized within 90 days of the issuance of the warrant, unless the government seeks and obtains authorization from the court for its retention.

g.     Precision Home Inspection (the "Company"), a sole proprietorship owned by SCOTT ANTHONY ORTON, is a functioning company that conducts legitimate business.  SCOTT ANTHONY ORTON operates the Company from the SUBJECT PREMISES.  The seizure of the Company's computers may limit the Company's ability to conduct its legitimate business.  As with any search warrant, this warrant will be executed reasonably.  Reasonable execution will likely involve conducting an investigation on the scene of what computers, or storage media, must be seized or copied, and what computers or storage media need not be seized or copied.  Where appropriate, officers will copy data, rather than physically seize computers, to reduce the extent of disruption.  If employees of the Company so request, the agents will,

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 26

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to the extent practicable, attempt to provide the employees with copies of data that may
2  be necessary or important to the continuing function of the Company's legitimate
3  business.  If, after inspecting the computers, it is determined that some or all of this
4  equipment is no longer necessary to retrieve and preserve the evidence, the government
   will return it.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT DAVID J. RUBEL
USAO# 2015R01323 - 27