_____ FILED _____ LODGED
_____ RECEIVED

Dec 07, 2015

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IN THE MATTER OF THE SEARCH OF:
5809 136th Street E, Puyallup, WA 98373 et al.

CASE NO. MJ 15-5212

GOVERNMENT'S RESPONSE IN OPPOSITION TO SCOTT ORTON'S REQUEST FOR EMERGENCY RELIEF

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney, respectfully requests that the Court deny petitioner Scott Orton's Request for Emergency Relief, and permit the United States to retain the items seized pursuant to search warrants issued by this Court, consistent with the terms of those warrants.

**INTRODUCTION**

Three days after federal agents executed search warrants at petitioner Scott Orton's ("Orton") home, Orton filed a document entitled "Request for Emergency Relief," in which he requests that the Court order the "expedited return" of items that agents seized during the search. Construing Orton's filing as a motion for the return of property, pursuant to Federal Rule of Criminal Procedure 41(g), the motion should be denied because Orton has not presented any evidence to rebut the government's claim that the items seized less than two week ago are necessary for the government's ongoing criminal investigation. It is undisputed that the Court authorized agents to seize the items at issue, and in so doing, took into account the fact that Orton runs a business from his home. The reasonable search

GOVERNMENT'S RESPONSE IN OPPOSITION TO SCOTT
ORTON'S REQUEST FOR EMERGENCY RELIEF- 1
Cause No. 2015R01323

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  protocols and 90-day search window imposed by the Court are sufficient to mitigate any undue
2  interruption to Orton's business or inconvenience to his personal life. Therefore, Orton's request should
3  be denied.

4  **STATEMENT OF FACTS**

5  *The Warrant*

6  On November 23, 2015, this Court signed three search warrants authorizing federal agents to
7  search Orton, his residence, and one vehicle. *See* Search Warrant Nos. MJ 15-5212-01-03. The
8  warrants authorize agents to seize, among other things, firearms, and electronic media, including
9  computers, cell phones and other digital storage devices.

10  The warrants were issued pursuant to an affidavit submitted by Special Agent David J. Rubel of
11  the Federal Bureau of Investigation ("FBI"). In the Affidavit, Special Agent Rubel described an
12  ongoing investigation regarding statements that Orton made in violation of statutes reference therein.

13  In addition to providing facts establishing probable cause that evidence, fruits and
14  instrumentalities of the crimes described in the warrant would be found in the places to be searched, the
15  Affidavit states that agents are aware that Orton runs a business called Precision Home Inspections from
16  his home. *See* Affidavit of David J. Rubel at ¶ 25. Nevertheless, the warrant authorizes agents "to seize
17  and/or obtain a forensic image of digital devices or other electronic storage media that reasonably appear
18  capable of containing data or items that fall within the scope of Attachment B to [the] Affidavit, and to
19  conduct off-site searches of the digital devices or other electronic storage media and/or forensic
20  images." *Id.* at ¶ 26.

21  Attachment B to the search warrants contains an additional search protocol section. *Id.* at 25-27.
22  Paragraph II.d. of Attachment B authorizes agents to review digital devices, which are seized pursuant to
23  the warrant, at "an appropriate law enforcement laboratory." Attachment B also authorizes agents to
24  seize devices associated with the operation of Precision Home Inspection. *See* Attachment B, ¶ II.g. To
25  the extent the devices are not instrumentalities of the crimes referenced in the warrant, and absent a
26  motion by the government, the warrant requires the government to return the seized digital devices
27  within 90 days. *Id.* at ¶ II.f.

28

GOVERNMENT'S RESPONSE IN OPPOSITION TO SCOTT
ORTON'S REQUEST FOR EMERGENCY RELIEF- 2
Cause No. 2015R01323

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*The Search, Seizure, and Review*

On November 24, 2015, agents executed the search warrants. During their search of the locations covered by the warrants, agents seized several items, including firearms, and electronic media, including computers, cell phones and other digital storage devices. Prior to seizing the computers, agents conducted a brief on-site preview. The seized electronic devices were inventoried at the FBI's Tacoma field office and shipped to Sacramento, California, where computer forensic analysts will conduct a forensic review of the devices. Although the review of these devices is a priority, the computer forensic analysts will image and review the devices while also reviewing devices seized in connection with other ongoing criminal investigations.

## ARGUMENT

**I.      The government's need for the property has not ended.**

Orton's request should be denied because the items seized pursuant to the search warrants are necessary for the government's ongoing investigation. To prevail on a Rule 41(g) motion, the movant must demonstrate that: "(1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987). The government has the burden of establishing that "it has a 'legitimate reason to retain the property.'" *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)).

The government does not dispute that Orton owns the items seized, nor is the government currently aware that they contain contraband. However, Orton does not dispute that the items were seized lawfully, and that the government has a continuing need for the items as it conducts its criminal investigation. Indeed, the property was seized as part of an ongoing criminal investigation into Orton's violation of federal statutes as set forth in the Affidavit of Special Agent Rubel.

Agents continue to work diligently to both review the seized material and conduct the investigation in an expeditious manner. Agents quickly shipped the seized electronic devices (*i.e.*, the computers and cell phones) to an FBI computer forensics lab in Sacramento, California. There, agents will image and conduct a forensic review of the devices. Although agents conducted a brief preview of

GOVERNMENT'S RESPONSE IN OPPOSITION TO SCOTT
ORTON'S REQUEST FOR EMERGENCY RELIEF- 3
Cause No. 2015R01323

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

certain devices when executing the search warrant, based on their training and experience, they determined that it was impractical and imprudent to conduct a full review on site.  With only a preview of the devices, agents were not able to determine the volume of data on the seized devices or the degree to which items and data set forth in Attachment B of the warrant are encrypted or password protected.  By seizing the devices and reviewing them in a computer forensic laboratory, agents can likely conduct a more comprehensive review of the devices.  This review is underway.

Pursuant to the warrant, agents also seized two firearms.  As set forth in the Affidavit, Orton's access to firearms is consistent with the notion that Orton intended to carry out the acts described in the Affidavit.  *See* Affidavit of Special Agent David J. Rubel at 7.  The review of the digital devices seized pursuant to the warrants may provide the government with more evidence relevant to whether Orton did indeed intend to commit those acts.  Therefore, just thirteen days after seizing evidence, it is premature to consider returning Orton's firearms.

**II.    Orton has not presented a compelling need for the seized property.**

Orton does not dispute the government's need for the seized property.  The Court's analysis should end there, and the motion should be denied.  But even considering the substance of Orton's motion, it fails to provide sufficient information for the Court to decide whether he truly needs the seized items.  While he states that the items are essential, Orton does not explain how the seizure will affect his ability to run his business.  Neither does Orton state why he is unable to manage his finances and bills without access to the seized items.  The inability to access a computer should not prevent Orton from paying his bills.  Moreover, without identifying from whom or what he needs protection, he has not articulated a need for the firearms lawfully seized during the search.

GOVERNMENT'S RESPONSE IN OPPOSITION TO SCOTT
ORTON'S REQUEST FOR EMERGENCY RELIEF- 4
Cause No. 2015R01323

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

Petitioner Scott Orton's motion should be denied because it fails to include any facts to rebut the government's legitimate need to retain the seized items while it continues to conduct the ongoing criminal investigation.

Dated:  December 7, 2015

ANNETTE L. HAYES
United States Attorney

By: /s/ *Thomas M. Woods*
THOMAS M. WOODS
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970

GOVERNMENT'S RESPONSE IN OPPOSITION TO SCOTT ORTON'S REQUEST FOR EMERGENCY RELIEF- 5
Cause No. 2015R01323

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on December 7, 2015, I mailed a copy of this material to the address listed in the caption of this document.

      s/ Salee Porter
SALEE PORTER
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271

GOVERNMENT'S RESPONSE IN OPPOSITION TO SCOTT ORTON'S REQUEST FOR EMERGENCY RELIEF- 6
Cause No. 2015R01323

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970